Good morning, may it please the court. I would like to reserve about two minutes. There were three plain errors in the jury instructions in Mr. Bairamis' case. I'd like to begin with the Delgado case and the instruction that the government does not have to prove that the defendant knew his acts were unlawful in this conspiracy case. I have two arguments regarding Delgado. The first is that it was wrongly decided and the second is that it is distinguishable from this case. Well, as to the first, I assume you concede that we don't have the authority as a panel to overrule it. If we decide it, controls were bound by it. I agree that you don't have it. We'd have to go and bank on it or the Supreme Court would have to issue a subsequent decision that basically undercuts its holding or its reasoning. Right. I would like to explain. I do feel that it was wrongly decided and I would like to articulate why it is, but it is also distinguishing from this case. Why don't you tell us how it's distinguishing? You would like to begin with the distinguishing features? Well, you can do it any way you want, counsel, but I don't want you to burn up all your time telling us something we already know about the binding nature of prior panel decisions. Okay. Okay. Well, the distinguishing features then, to begin, there's three that are instructions. We have instruction number 11, which says the government is not required to prove that the defendant knew that his ex-remissions were unlawful. Wasn't that the same situation in Delgado? Yes, that was correct, but then instruction 12 in this case, which is in excerpt 10, the government must prove, quote, the defendant knew that the agreement had an unlawful object or purpose. And that direct, here that's a direct conflict, those two instructions. But I thought there was an instruction here that said the defendant had to know basically that he was engaged in drug trafficking or that the conspiracy, the object of the conspiracy was to traffic in drugs. There, it's excerpt page 10, which goes through, it says that they must prove that there was an agreement, that the defendant knew the agreement had an unlawful object and joined in the agreement, and then it describes what a conspiracy is. Well, it says with the intent to advance or further some object or purpose of the conspiracy and wasn't the object or purpose to traffic in drugs. Isn't that how the case was charged? Yes, yes. So I'm having a hard time seeing how that's different from Delgado. Delgado wasn't given the instruction, the government, quote, the government must prove the defendant knew the agreement had an unlawful object or purpose. They did use other language, but it is not as stark as a contrast here. What's the next distinguishing route? Read as a whole, we don't know exactly how the instructions read in Delgado. Here we know we have the first instruction being that, saying that it's what knowingly is, what an act is done knowingly, and then it goes into the is sort of further delineating what is involved in the conspiracy. In this case, we don't know exactly how they were laid out in Delgado. There was more instructions, and there's another charge, which is a third distinguishing factor, is that there you could argue that this instruction, that the government doesn't have to prove that he knew his actions, that could be applied to the other charge. Whereas here, if you can't say that it could be applied to another charge, there is no other charge. And so this instruction that says government doesn't have to prove this can only be applied to the conspiracy, the actus reus, his agreement. So I hear your argument, Counselor, and I appreciate it. My only problem, I guess, right off the bat is nobody objected to these jury instructions, correct? Correct. So I'm reviewing these for clear error? Correct. Clear error. And you're saying on a clear error standard review, Judge, ignore your precedent. It's of no use. And not only ignore your precedent, it's of no use, but I'm now going to give you a little bit of a difference that I can see between that and what we have here. I'm having a tough time with that kind of an argument on a clear error review. And I think that I need to go back and explain why Delgado doesn't apply here, because what the court addressed mostly dealt with the other charge, possession with intent to distribute. But it didn't give one paragraph to the... Counselor, let me ask, direct your attention specifically to page 1065 of Delgado at 357 F3rd. Do you have a copy of the opinion in front of you? I do. It begins under the heading discussion and jury instructions. Yes. In that first paragraph, I mean, it addresses the issue here. Delgado contends that because the crime of possession requires that the defendant knowingly possess a controlled substance, and the crime of conspiracy requires that the defendant agree to commit an unlawful act, the court erred in relieving the government of its burden to prove that. That's your argument, is it not? Yes. And as you go through the opinion, most of it deals with the first charge. It gives one paragraph to the conspiracy charge, and the court concludes that Delgado needed to know that at least one of the government's objects was to carry out illegal activity, but he did not need to know that the very making of such an agreement constituted unlawful activity. And how's that different from a conspiracy that charges conspiracy to engage in drug trafficking? With a conspiracy, the government does have to prove that the defendant knew that the agreement was for a crime. It's what the court did is sort of remove just looking at the elements and said he doesn't have to prove, the government doesn't have to prove the whole crime. They don't have to prove that he knew all of the elements of the crime constituted a crime. Well, the difference between an 846 conspiracy and a 371 conspiracy is there's no requirement of an overt act. So if the jury finds that he knowingly entered into the agreement, even if he doesn't know that that is the concluding element of the crime, under Delgado, that's good enough. He doesn't have to know what the elements are of the underlying offense. But it isn't just an agreement that he has to enter into. It is an agreement to commit a crime. Drug trafficking. He does have to know. Correct. And the jury was so instructed. No. They were told this, I mean, it's clear that this sentence should not have been applied to this charge because the government did have to prove, the only act in this conspiracy is his agreement to commit a crime. And the government did have to prove that he knew it was to commit a crime. And because the conspiracy charge... I mean, what's so hard about the jury figuring out that the object of the conspiracy was possessing with intent to distribute and distributing controlled substances? These instructions are not clear. When the jury is not going to make the fine distinctions that this element, basically this sentence in the middle of the knowingly instruction, the jury had to just disregard. And so it's not that they have to figure out what the crime is, but it's that they're told, the two instructions negate each other. One, they're told they have to prove knowledge of the crime, and then next they said, no, they don't. So... So, let me ask you this. If we disagree with your premise that Delgado does not control, do you lose? No. First of all, this is just one of the three plain errors. What's the third? I think you covered one and two. They're needed to... They didn't instruct on the underlying offense. They didn't give the elements of the drug distribution charge. They just gave a conspiracy... What do you got to do to prove a conspiracy? You got to... You don't challenge the instruction for conspiracy, do you? I do. Well, I mean, really, I guess, no, not in and of itself. No, you don't. Not in and of itself. But when you combine it with the knowingly instruction, I do, because it negates the elements of intent. So you do or you don't. I don't know if I understood your last answer. Well... Are you challenging... I mean, the conspiracy instruction is the standard Ninth Circuit model instruction. I'm only challenging it in the context of how it relates with the other instruction. I mean, really, the argument is that the knowingly instruction is where the error is, but when you read them all as a whole, they're deficient. Do you want to save some time? You've got about half a minute. Yes. Go ahead. Let me ask one question, though. Assuming that you can show a plain error, all right, on that instruction, you have to show some kind of prejudice, don't you? What's the prejudice here? In other words... Well... I mean, the evidence was pretty strong, wasn't it? Under the Stein case, I believe that the first argument is that when you... My third argument was that they failed to instruct on specific intent, but the instructions ended up lowering the mens rea because they didn't provide specific intent instruction, and therefore, lowering the mens rea is prejudice. Prejudice is established by lowering of the mens rea, and I think that there's black-letter law on that. But that ignores all the evidence in the case. Isn't that what we have to look at to determine prejudicial impact? In addition to the evidence, you don't have to ignore it, but the case law also talks about it not being contested. If you don't contest certain elements and there's overwhelming evidence, then it can be harmless error. But here, the elements were contested, the relevant issues were contested. All right. Thank you very much. Thank you. And we'll hear from the government. Good morning, Your Honors. Ms. Carey. I'm Kim Sayers-Say, and I represent the United States. And I tried this case below, so I'm responsible for these instructions. So why didn't you suggest the underlying substantive offense instructions, which would have eliminated this appeal? I believe that I gave it some thought at the time. Clearly, I should have done that. Certainly, I'm not here to say that there's no room for improvement. But if you just graft in, as the model of jury instruction suggests that you should, is just plop in the instruction for distribution or possession with intent to distribute, I don't think that's ideal either, because then you're telling the jury that you have to find that there was actual possession, which is not a correct statement of the law as to conspiracy. No, just a minute. But you're ignoring the U.S. v. McCaleb, which says in so many words, a district court plainly errs in a conspiracy case if it fails to instruct the jury on the elements of the crime that is the object of the conspiracy. Right. And, Judge Teshima. It's a flat-out statement. And I agree with the statement. I agree that you have to tell the jury what they're supposed to find. Which you didn't do. I believe we did. Because the elements of conspiracy, of a drug trafficking conspiracy, frankly, are so few. And I would argue that they were subsumed, as I think Judge Tallman may have been suggesting. The elements are very simple. In instruction 12, you're saying? Yes. Yes, Your Honor. And I have instruction 12 on page 24 of the brief. For example, to have a conspiracy to distribute drugs, you have to have the agreement. And the agreement has to have been to actually distribute drugs. Now, I don't think there's any way the jury could have followed instruction 12, which did say that, this is on the bottom of page 23 of our brief, there was an agreement to distribute a mixture or substance containing methamphetamine or heroin. So I believe, Judge Tashima, that in that portion of instruction 12, that we subsumed the element, that we captured the element. I know, but you didn't state the elements for the jury. That's what the instruction said you have to do. Well, I certainly could have stated it more clearly. You could have stated it. I mean, it's not stated at all. Okay. The elements. Are they? I believe that the elements is stated. It is not presented as the element is. Exactly right. But it is stated. It is nonetheless described as a requisite to convict. So I believe we captured the element. But, and this is where it says there, and this was Judge Tallman's point, that the instruction 12 said there had to have been an agreement, and then it went on to specify that the agreement had to have been between two or more persons to distribute a mixture or substance containing methamphetamine or heroin. And then he had to have known the agreement had the unlawful object or purpose, i.e., the one we just described, distributing a mixture or substance containing methamphetamine or heroin, and joined in the agreement knowing of its purpose and intending to help accomplish that purpose. So certainly when I do this again, I will say the elements are. But I think that nonetheless, because this was such a simple conspiracy, and because there's a conspiracy instruction specific to drug trafficking conspiracies, that my error was ameliorated by instruction 12. So instruction 12, where it says the government must prove each of the following elements, which you're now describing as to the elements, you think that substitutes then? I do. I do. And, you know, which is, again, not to say that I could not have laid it out more clearly and certainly would do so again. But I do think that it avoids the plain error problem described in McCaleb, because McCaleb doesn't elevate the form over substance. It says you have to tell the jury what they have to find. And I think we did that. But even if one took a more strict reading of McCaleb and said, no, you really have to lay it out as the elements are, then we would still be back with the plain error problem, which is that even in the existence of plain error, this Court does not reverse or only reverses in extraordinary cases where there is prejudice, where there is the mistake resulted, probably would have resulted in a change in the verdict. I think the appellant's prejudice argument seems to be, well, this lowered the men's rate of requirement. Right. And I hear them saying that, but I don't hear them explaining that, Your Honor. Well, what's your response to that argument? Well, my response to that argument is that didn't actually occur, because the expression number 12 was replete with references to specific intent. Specific intent, as the Supreme Court explained in Bailey, is just a shorthand way of saying that the action has to have been purposeful, not simply knowledge. And specific intent was captured at least twice in our jury instruction when it said he knew the agreement had an unlawful object and purpose and joined it intending to help accomplish that purpose. We could not have hit the intent more clearly. And even though we did circle back and it said one becomes a member of the conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy. So your argument is that, again, back to Instruction 12, if I take those last two paragraphs in Instruction 12, that that does not lower the mens rea requirement? That's true, Your Honor. That is my argument. I don't believe it does lower the mens rea requirement. The mens rea for distribution, by the way, distribution of drugs is a general intent crime. So the only specific intent instruction we needed was within the conspiracy. He had to agree, and he further had to agree, knowing that the object of the agreement was unlawful. We captured that in spades. So I don't think that one can argue that we in any way lowered the mental intent necessary for this particular crime. So if we take out the mens rea requirement that your opponent suggests that we should have been in there, we can match that in your mind to those last two paragraphs and it will be equal? Yes, Your Honor, not just to the last two paragraphs, but also the third paragraph where it says, Kind of criminal partnership? No, the one above it, right? It says, second, the defendant knew that the agreement had an unlawful object or purpose. Correct. And then you look to the last paragraph that says, with the intent to advance or further some object or purpose. And also in the paragraph starting in the second is, and intending to help accomplish that purpose. I believe that phrase, intending to help accomplish that purpose, is tantamount to a requirement of specific intent. I don't think one has to say it requires specific intent. I think in Bailey the Supreme Court explained that specific intent means purpose or intent. And again, we've used the verb intending and we used the noun intent twice in this instruction with regard to describing what he had to understand. If I may turn to Delgado, I just wanted to apologize for not finding that case myself. That is absolutely on all fours. And it just forecloses the argument with regard to the knowingly, the use of the knowingly instruction, which, again, I wouldn't repeat. But I think this Court's decision to plainly hold is not plain error. If the Court has no further questions for me. Anybody have anything else? I think not. Thank you. We'll give you a minute on rebuttal. Go ahead. Well, just to recap, the three distinguishing features are that, in this case, there's more of a direct conflict between what the instructions said and they negate each other. How do you respond to the integration in 12 of the third paragraph and the last paragraph that we were just talking about? I mean, it's all there. And if the standard of review for plain error is to look to see whether or not the instructions read as a whole fairly and accurately describe the law that the jury is to apply, how can we find plain error on instruction 12? I don't think that you can find that these instructions, instruction 12, fairly and accurately applies the law. It leaves out the elements. It's not clear to the jury, and it's talking about a conspiracy, and it doesn't incorporate the elements of the charge. The jury wasn't told what the elements of the charge were. Well, paragraph 4 comes pretty close to covering most of the elements of a distribution offense, does it not? Paragraph 4, as in? In instruction 12, to distribute means to deliver or transfer possession of methamphetamine or heroin to another person with or without any financial interest in that transaction? That doesn't cover. Distribution? Well, that's just. . . Well, it doesn't cover the knowledge requirement either, right? Correct. Well, if I take possession with intent to distribute here, you say the defendant knowingly possessed the controlled substance and the defendant possessed the substance with intent to deliver it to another person, and then I try to put that and compare it to what I have in instruction 12 and compare that on a clear error, I'm having a tough time. I think that you're having a tough time trying to figure out what this instruction means. I think you're having to do mental gymnastics. No, I'm not worried about what it means. I'm worried about how I can say, given instruction 12, that it's plain error when I try to compare it with any of the instructions you say should have been given. Well, the Ching-Tang Lo case says it's plain error. I mean, we have black-letter law that's saying that it is plain error to fail to give the underlying elements instruction and the intent also, and lowering the mens rea. Well, Ching-Tang Lo also tells me what plain error is. It's so clear cut and so obvious that anybody would be able to avoid it. Well, frankly, when I read the instruction 12 and I try to compare it with the instructions you think should have been given, I'm having a tough time seeing that I ought to just obviously, with no objection from your side, say this is over. That's my worry. That's why I wanted you to really think about that. I mean, I took the instructions you want given. I compared to the instructions given. And when I look at it, and I'm an old DJ, so this bothers me. I hate these guys on appeal telling me what to do when I'm down there forming these instructions. How is it, then, that I can say it was absolute clear error not to have done it differently? Well, the government has conceded that it was error. Yeah, but that isn't where I'm going. I mean, I'm trying to find that which plain error equals under Ching-Tang Lo. Well, and I do think the combination of the three errors clearly reveals clear error. I mean, even if one of them doesn't jump out at you, I think when you look at all three of the errors, they are substantial, they are plain, and the combination of them definitely leads to a trial where the jurors were not given accurate law. They were not. I think we have your point. You're about three minutes over, and I think we'll end on that note. Thank you for the argument. The case just argued is submitted.
judges: Tashima, Tallman, Smith